```
Colin G. Bell, Esquire (CB 2864)
HANKIN SANDMAN PALLADINO & WEINTROB
Counsellors-at-Law
A Professional Corporation
30 South New York Avenue
Atlantic City, NJ  08401
(609) 344-5161
coling@hankinsandman.com
Attorneys for Plaintiff Brittany Andrews
```

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **BRITTANY ANDREWS,** | **CIVIL CASE NO.** |
| Plaintiff, | |
| v. | |
| **BEHAVIORAL CROSSROADS, LLC,** | |
| Defendants. | **COMPLAINT AND JURY DEMAND** |

Plaintiff Brittany Andrews, by and through her counsel, Colin G. Bell, Esquire of the law firm Hankin Sandman Palladino & Weintrob, P.C., by way of Complaint against Defendant Behavioral Crossroads, LLC, says as follows:

**NATURE OF ACTION**

1.  This is an action for violation of Plaintiff's rights under the Uniformed Services Employment and Reemployment Rights Act, 38 U.S.C. §4301 et seq. ("USERRA"), the Fair Labor Standards Act, 29 U.S.C. § 201 et seq ("FLSA"), the New Jersey Law Against

Discrimination, N.J.S.A. 10:5-1 et seq ("LAD"), and the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a et seq. ("WHL").

## **PARTIES**

2.   Plaintiff Brittany Andrews ("Andrews") is a citizen of the State of New Jersey residing at 136 New York Avenue, Apt B, Egg Harbor City, NJ 08215.

3.   Defendant Behavioral Crossroads, LLC ("BC") is a New Jersey limited liability company with a principal place of business at 205 West Park Way Drive, Egg Harbor Township, New Jersey, 08234.

## **JURISDICTION**

4.   Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1331 because this case involves claims arising under the laws of the United States of America.

5.   Additionally, jurisdiction over Andrews's state law claims is appropriate pursuant to 28 U.S.C. § 1367 because they are part of the same case and controversy that gives rise to the claims over which the Court exercises original jurisdiction pursuant to 28 U.S.C. § 1331.

6.   Venue is proper in this District pursuant to 28 U.S.C. § 1391a.

**FACTS COMMON TO ALL COUNTS**

Background

7. At all relevant times, Andrews was an enlisted member of the New Jersey Air National Guard ("NJANG") holding the rank of Airman First Class, and assigned to the 177th Fighter Wing in Egg Harbor Township, New Jersey.

8. On or about May 7, 2018, Andrews was hired by BC as a medical records coordinator on an hourly basis.

9. As a member of the NJANG, Andrews is and was required to attend various military training and exercises.

10. While BC has an employee handbook that purports to set-forth various employment policies involving leave entitlements (such as family and medical leave, bereavement leave, etc.), it has no policy providing for protected leave for members of the armed forces of the United States of America.

11. Moreover, the employee handbook differentiates between "salaried (exempt)" and "hourly (non-exempt)" employees with respect to various pay and benefits, including lunch breaks.

12. Specifically, BC requires "salaried employees" to "work at 40-hour week, not including 30 minutes of unpaid time for lunch and breaks."

13. There is no provision for unpaid breaks for hourly employees, who are instead to be "paid for all hours worked including at a rate of time and one half when applicable."

### BC's Retaliation and Discrimination Against Andrews

14. On or about July 17, 2018, Andrews was in the breakroom of BC with several colleagues.

15. BC's director of human resources, Melissa Wood, made sexually harassing, embarrassing, and explicit remarks to Andrews.

16. Specifically, Woods commented on Andrews's cleavage and said words to the effect that Andrews was self-conscious about "her big old titties."

17. Andrews, who was breast-feeding her young son at home during this time, was shocked, embarrassed, and humiliated by the comments; especially because they were made by the director of human resources and in front of multiple colleagues.

18. Andrews made a written complaint concerning Woods's conduct, but received no response to the same.

19. Shortly thereafter, Andrews orally advised BC that she would be receiving orders to active duty with the NJANG.

20. After receiving formal written orders, Andrews turned them in to Woods on or about July 26, 2018.

21. That same day, Woods served Andrews with a notice of disciplinary action claiming that Andrews had failed to work a sufficient number of hours.

22. After serving on active duty from on or about August 6, 2018 through August 31, 2018, Andrews attempted to return to work.

23. However, on September 5, 2018, BC advised Andrews that it needed someone who wasn't absent from her position and that she was therefore terminated.

24. Despite being an hourly employee, Andrews was regularly required to work a 42.5-hour week at BC but only paid for 40 hours.

25. The disciplinary action against Andrews was false and a pretext for discrimination and/or retaliation against Andrews on the basis of her service in the armed forces of the United States of America and/or her complaints of sexual harassment.

26. Andrews's termination was likewise the result of discrimination and/or retaliation against Andrews on the basis of her service in the armed forces of the United States of America and/or her complaints of sexual harassment.

27. At all relevant times, BC acted with willful and wanton disregard for Andrew's rights, or with reckless disregard for the same.

### COUNT I
**(Violation of USERRA, 38 U.S.C. § 4301 et seq.)**

28. The allegations of all preceding paragraphs are included herein as if set forth at length.

29. As a member of the armed forces of the United States of America, Andrews is entitled to the rights, protections, and privileges of USERRA.

30. BC's conduct, including, but not limited to, interfering with her leave rights, retaliating against her for asserting her rights under USERRA, and terminating her in violation of USERRA, violated Andrews's rights, protections, and privileges thereunder.

31. The aforementioned violations were willful.

32. As a direct and proximate result of BC's aforementioned conduct, Andrews has been damaged.

**WHEREFORE**, Plaintiff Brittany Andrews demands judgment against Defendant, Behavioral Crossroads, LLC, for:

A. Compensatory Damages.

B. Liquidated Damages pursuant to 28 U.S.C. 4323(d)(1)(C).

C. Attorney's fees, interest, and costs of suit.

D. An injunction prohibiting BC from further violating Andrews's rights and correcting her personnel file.

E. Such other and further relief as the Court may deem just and proper.

### COUNT II
**(Violations of the New Jersey LAD, N.J.S.A. 10:5-1)**

33. The allegations of all preceding paragraphs are included herein as if set-forth at length.

34. Andrews is a member of a protected class as a result of her service in the Armed Forces of the United States of America, because she is a woman, and because she complained about sexually harassing and discriminating conduct in the workplace.

35. By way of the foregoing conduct, BC subjected Andrews to a hostile work environment, retaliated against her, and ultimately unlawfully terminated her employment as a result of her membership in a protected class.

36. BC's aforementioned conduct violates the LAD and such violations were wanton, willful or occurred with reckless disregard for Andrews's rights.

37. As a direct and proximate result of the aforesaid violations, Andrews has been damaged.

**WHEREFORE**, Plaintiff Brittany Andrews demands judgment against Defendant, Behavioral Crossroads, LLC, for:

    A.    Compensatory Damages.

    B.    Punitive Damages.

    C.    Attorney's fees, interest and costs of suit.

    D.    An injunction prohibiting BC from further violating Andrews's rights and correcting her personnel file.

    E.    Such other and further relief as the Court may deem just and proper

### COUNT III
**(Violation of the FLSA, 29 U.S.C. § 201 et seq.)**

38. The allegations of all preceding paragraphs are included herein as if set-forth at length.

39. Andrews is not exempt from the FLSA because she is paid on an hourly basis and does not qualify for any FLSA exceptions,

and therefore must be compensated for appropriate hours worked and overtime.

40. During her employment with BC, Andrews regularly worked in excess of 40 hours in a work week.

41. However, BC failed to pay Andrews any compensation for hours worked in excess of 40 hours per work week.

42. BC's aforementioned conduct violates the provisions of the FLSA.

43. BC's violations were willful.

44. As a direct and proximate result of the aforementioned violations of the FLSA, Andrews has been damaged.

**WHEREFORE**, Plaintiff Brittany Andrews demands judgment against Defendant, Behavioral Crossroads, LLC, for:

A. Compensatory damages.

B. Liquidated Damages pursuant to 29 U.S.C. § 216(b).

C. Attorney's fees, interest and costs of suit.

D. An injunction prohibiting BC from further violating Andrews's rights and correcting her personnel file.

E. Such other and further relief as the Court may deem just and proper.

### COUNT IV
**(Violation of the WHL, N.J.S.A. 34:11-56a et seq.)**

45. The allegations of all preceding paragraphs are included herein as if set-forth at length.

8

46. By way of BC's aforementioned conduct in failing to pay Andrews any compensation for hours worked in excess of 40 hours per work week, including appropriate overtime, BC also willfully violated the WHL.

47. As a direct and proximate result of the aforesaid violations, Andrews has been damaged.

**WHEREFORE**, Plaintiff Brittany Andrews demands judgment against Defendant, Behavioral Crossroads, LLC, for:

A. Compensatory Damages.

B. Punitive Damages.

C. Attorney's fees, interest and costs of suit.

D. An injunction prohibiting BC from further violating Andrews's rights and correcting her personnel file.

E. Such other and further relief as the Court may deem just and proper.

## L. CIV. R. 11.2 CERTIFICATION

The undersigned certifies that the matter in controversy in the within action is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

## Demand for Trial by Jury

Pursuant to Fed. R. Civ. P. 38 and L. Civ. R. 38.1 Plaintiff, Brittany Andrews, hereby demands trial by jury on all issues so triable.

|  |  |
|---|---|
|  | **HANKIN SANDMAN PALLADINO,** <br> **& WEINTROB, PC** <br> Attorneys for Plaintiffs |
| Dated: December 20, 2018 | /s/Colin G. Bell <br> Colin G. Bell, Esq. (CB2864) <br> coling@hankinsandman.com <br> 30 South New York Avenue <br> Atlantic City, NJ 08401 <br> (609) 344-5161 <br> (609) 344-7913 (facsimile) |